59 F.3d 174
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Fred J. CUTHILL; Rosemarie A. Cuthill, Plaintiffs,
and
William J. Pierson; Sandra Pierson; Samuel C. Roberson,
Plaintiffs-Appellants,
v.
MULTIPLE GRAPHICS ENTERPRISES, INC., Defendant-Appellee.
 No. 94-55146.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 7, 1995.
Remanded to District Court June 9, 1995.
Resubmitted June 23, 1995.
Decided June 28, 1995.
 
 Before: WALLACE, Chief Judge, KOZINSKI and RYMER, Circuit Judges.
 
 MEMORANDUM
 
 1
 Appellants appeal from the district court's summary judgment. The court concluded that the statute of limitations had run on their claims, and that tolling was inapplicable. We have jurisdiction over this timely appeal pursuant to 28 U.S.C. Sec. 1291. We affirm.
 
 
 2
 We review a summary judgment de novo. Our task on appeal is to determine whether a genuine issue of material fact exists when the evidence is viewed in the light most favorable to the nonmoving party, and whether the district court correctly applied the law. We may affirm on any ground supported by the record. First Pacific Bank v. Gilleran, 40 F.3d 1023, 1024 (9th Cir. 1994). Kagel, the only defendant that remains in this appeal, argues that the statute of limitations has run on appellants' fraud claims.
 
 
 3
 "The forum state's statute of limitations for general fraud claims determines the limitations period applicable to federal securities claims under Sec. 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. Sec. 78j(b), S.E.C. Rule 10(b)5, 17 C.F.R. Sec. 240.10b-5." Volk v. D.A. Davidson & Co., 816 F.2d 1406, 1411-12 (9th Cir. 1987) (Volk). Therefore, California Code of Civil Procedure Sec. 338(d) governs this claim, as well as appellants' common law fraud claim. That limitations period is three years. See Miller v. Bechtel Corp., 33 Cal. 3d 868, 873 (1983) (Miller). With respect to appellants' RICO claim, the statute of limitations is four years. See Agency Holding Corp. v. Malley-Duff & Assocs., 483 U.S. 143 (1987). These limitations periods are not disputed. Federal law determines when the statute begins to run in federal claims. Volk, 816 F.2d at 1412.
 
 
 4
 The statute of limitations for the federal claims began to run when the appellants had "actual or inquiry notice that a fraudulent misrepresentation has been made." Id. The statute of limitations for the state common law claim began to run when appellants "became aware of facts which would make a reasonably prudent person suspicious." Miller, 33 Cal. 3d at 875. Appellants filed suit on January 4, 1988. If they had inquiry notice prior to January 5, 1984, (for the RICO claim) and January 5, 1985, (for the 10(b)5 and state common law claims) their suit would be barred, absent tolling.
 
 
 5
 The district court properly found that each of the appellants were put on inquiry notice of their claim well before 1984. Those findings are justified in light of the deposition testimony of each appellant. The later-filed declarations by the appellants are insufficient to rebut their deposition testimony, and the district court was justified in relying on their deposition statements. See Foster v. Arcata Assocs., 772 F.2d 1453, 1462 (9th Cir. 1985) (district court can disregard declarations in opposition to summary judgment where they are contrary to prior deposition testimony). We, too, "consider as credible only appellant[s'] deposition testimony on this subject." Id.
 
 
 6
 Having determined that each appellant had notice of the possible fraud, the question becomes whether the statute of limitations was subsequently tolled.
 
 
 7
 In some cases, the conduct of a defendant will toll the statute of limitations under the doctrine of fraudulent concealment. The doctrine is properly invoked only if a plaintiff establishes affirmative conduct upon the part of the defendant which would, under the circumstances of the case, lead a reasonable person to believe that he did not have a claim for relief. Appellants must demonstrate that they had neither actual [nor] constructive notice of the facts constituting their claims for relief. To invoke the doctrine in the complaint, appellants must plead with particularity the facts giving rise to the fraudulent concealment claim and must establish that they used due diligence in trying to uncover the facts.
 
 
 8
 Volk, 816 F.2d at 1415-16 (internal citations omitted).
 
 
 9
 Volk controls here. The appellants not only had inquiry notice based on the actions of Kagel and others, but also received a letter from the Internal Revenue Service (IRS) in 1982 alerting them that the plates may not be as valuable as originally thought. As in Volk, simple reassurances by Petropoulos to the effect that they should not worry about the IRS letter are insufficient to toll the limitations period. Id. at 1416. It was unreasonable for appellants to rely on any such reassurances in light of their circumstances. Id.
 
 
 10
 AFFIRMED.
 
 
 11
 Note: This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.